## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Criminal No. 89-162-06 |
| **TONY LEWIS,** | Civil No. 97-608 |
| Defendant. | |

## REPORT AND RECOMMENDATION[1]

This matter was referred to the undersigned for a Report and Recommendation on Defendant Tony Lewis' Motion Pursuant to 28 U.S.C. § 2255 to Vacate Sentence, which was filed on March 25, 1997, and the Government's Motion to Transfer Defendant's Motion to Vacate Sentence, which was filed on August 17, 1999.  Having considered the submissions of the parties, the undersigned recommends that the District Court grant the government's Motion and transfer Defendant's petition under § 2255 to the United States Court of Appeals for the District of Columbia Circuit.

## I.      FACTUAL AND PROCEDURAL HISTORY

Defendant was convicted on December 6, 1989 of one count of Conspiracy to Violate Narcotics Laws, in violation of 21 U.S.C. § 846, one count of Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1953(a)(3), and two counts of Unlawful Use of

---

[1] Both the civil and criminal cases in this matter were assigned to the undersigned Magistrate Judge on October 26, 2007.  Because it is unclear whether a Magistrate Judge has jurisdiction to rule on a § 2255 petition, the cases were re-assigned to United States District Judge Thomas F. Hogan and then referred to the undersigned for a Report and Recommendation.

Communications Facilities, in violation of 21 U.S.C. § 843(b).  (Gov't Mot. at 1.)  United States

District Judge Charles R. Richey sentenced Defendant to life imprisonment on the Conspiracy

count, five years of imprisonment on the Racketeering count, and four years imprisonment on

each Communications Facilities count, with the sentences to run concurrently.  (*Id*.)  On July 30,

1990, Judge Richey re-sentenced Defendant to life imprisonment on the Conspiracy count, three

years imprisonment on the Racketeering count, and two years of imprisonment on each

Communications Facilities count, followed by a five year period of supervised release.  (*Id*. at 2.)

On March 1, 1992, Defendant filed a motion to set aside his sentence pursuant to 28

U.S.C. § 2255, alleging that the government violated *Brady v. Maryland* by failing to disclose

certain evidence.  (*Id*.)  Judge Richey denied Defendant's motion on April 15, 1993 and this

order was affirmed by the United States Court of Appeals for the District of Columbia Circuit on

February 1, 1996.  (*Id*.)

On March 25, 1997, Defendant filed the instant motion under § 2255, alleging that the

government offered insufficient evidence of his involvement in the conspiracy to justify a life

sentence.  (*Id*.)  Defendant filed supplements to this motion on August 20, 1998 and June 30,

1999.  (*Id*. at 3.)  The government filed a Preliminary Response to Defendant's Motion on May 8,

1997, to which Defendant filed a Reply on May 14, 1997, and a Final Opposition on May 28,

1997, to which Defendant filed a Reply on September 2, 1997.  The government also filed

Supplemental Briefs in opposition to Defendant's motion on December 23, 2003, January 14,

2004 [7] and January 16, 2004 [10].

On August 17, 1999, the government filed a Motion to Transfer Defendant's Motion to

the Court of Appeals.  Defendant filed his Opposition to the Motion to Transfer on December 2,

1999 and a Supplemental Memorandum [48] on November 20, 2007.  The government filed a

Reply to the Defendant's Opposition on August 9, 2000.  The parties also appeared for a status

conference before the undersigned on November 13, 2007.


II.   **ANALYSIS**

Section 2255 allows a defendant to "move the court which imposed [his] sentence to

vacate, set aside or correct the sentence" on the grounds that it "was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack."  28 U.S.C. § 2255.  Since the enactment of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a District Court is without

jurisdiction to entertain a defendant's "second or successive" motion under § 2255 unless the

appropriate court of appeals issues a certification authorizing the filing of such motion.  *United

States v. Akers*, ___ F.Supp.2d ___, Cr. No. 97-0072-01(TFH), 2007 WL 3275130, at *1 (D.D.C.

Nov. 6, 2007).  *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application.").  If a

District Court lacks jurisdiction because a defendant's § 2255 petition is deemed successive, the

Court may, pursuant to 28 U.S.C. § 1631, transfer the action to the Court of Appeals so that the

appropriate certification may issue.  *Akers*, 2007 WL 3275130, at *2.

A Court may apply § 2255's restriction on successive petitions where, as in the present

case, the first motion was filed before AEDPA's effective date and the second motion was filed

after AEDPA's effective date as long as the defendant would not have been entitled to consideration of his claim under the pre-AEDPA standard. *United States v. Ortiz*, 136 F.3d 161, 165-66 (D.C. Cir. 1998). Under the pre-AEDPA standard, a defendant was entitled to raise an issue on collateral attack that he failed to raise in a previous collateral attack motion or on direct review of his conviction or sentence if he could demonstrate "cause for failing to raise it and prejudice therefrom." *McClesky v. Zant*, 499 U.S. 467, 494 (1991). Defendant argues that he "was unable to argue his individual claims fully" because his first § 2255 petition was filed not only on behalf of Defendant but also on behalf of eight other codefendants. (Def.'s Opp'n dated 12/2/99 at 6.) This is not sufficient to establish cause and prejudice because the circumstances under which the motion was filed do not constitute an "external impediment" to raising the claims. *McClesky*, 499 U.S. at 497. Defendant also argues that he has discovered evidence since filing his first § 2255 petition, but does not explain why this evidence could not have been discovered earlier and included in the original petition. (Def.'s Opp'n dated 12/2/99 at 6.)

Because Defendant filed a motion pursuant to § 2255 in 1992, Defendant's instant motion constitutes a successive § 2255 motion. *See Akers*, 2007 WL 3275130, at *2 (considering defendant's § 2255 petition successive when defendant had filed a prior § 2255 petition that had been unsuccessful). Because the Court of Appeals has not issued an order under § 2244 authorizing Defendant to file the instant petition, and because Defendant has not met his burden under the pre-AEDPA standard, the District Court in this case is without jurisdiction to entertain the petition that is before it. Accordingly, the undersigned recommends that the District Court grant the government's motion and, pursuant to § 1631, transfer Defendant's petition to the Court of Appeals for authorization under § 2244.

**III.**    <u>**REVIEW BY THE DISTRICT COURT**</u>

The parties are hereby advised that under the provisions of Local Rule 72.3 (b) of the

United States District Court for the District of Columbia, any party who objects to the Report and

Recommendation must file a written objection thereto with the Clerk of this Court within 10 days

of the party's receipt of this Report and Recommendation.  The written objections must

specifically identify the portion of the report and/or recommendation to which objection is made,

and the basis for such objections.  The parties are further advised that failure to file timely

objections to the findings and recommendations set forth in this report may waive their right of

appeal from an order of the District Court that adopts such findings and recommendation.  *See*

*Thomas v. Arn*, 474 U.S. 140 (1985).  If this Report and Recommendation is served on the parties

by mail, calculation of the time period for filing written objections is as follows: 10 business days

(excluding weekends and holidays) plus three calendar days (including weekends and holidays).

*See CNPq-Conselho Nacional De Desenvolvimento Cientifico E Technologico v. Inter-Trade,*

*Inc.*, 50 F.3d 56, 58 (D.C. Cir. 1995) (per curium).


Dated: January 31  , 2008                    _____/s/_____
                                             ALAN KAY
                                             UNITED STATES MAGISTRATE JUDGE