UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                          )<br>)<br>TONY LEWIS,                                          )<br>)<br>        Defendant.                            )<br>_____) | Cr. No. 89-0162-06 (TFH) |

## ORDER

Pending before the Court is Magistrate Judge Kay's Report and Recommendation on defendant Tony Lewis's Motion Pursuant to 28 U.S.C. § 2255 to Vacate Sentence, which was filed on March 25, 1997, and the government's Motion to Transfer Defendant's Motion to Vacate Sentence, which was filed on August 17, 1999. Magistrate Judge Kay recommends granting the government's motion to transfer the 2255 petition to the D.C. Circuit for determination whether to allow Lewis a second habeas petition. The Court agrees with Magistrate Judge Kay's recommendation and below provides additional analysis.

As explained in the Report and Recommendation, whether Lewis's second habeas petition constitutes an abuse of the writ turns on the cause-and-prejudice standard announced in *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Lewis's argument for cause-and-prejudice in his case is that his then-counsel signed him on to the first habeas petition without his knowledge. That petition was submitted on behalf of multiple defendants and contained no individualized arguments with respect to Lewis. That deficient performance by

1

counsel, Lewis contends, now prejudices him because the unapproved first petition is preventing him from raising claims in the second petition.

While the D.C. Circuit lacks definitive precedent on Lewis's situation, an examination of how other circuits have applied the *McCleskey* cause-and-prejudice standard weighs against Lewis's claim. At least six Circuits have held that because a habeas petitioner has no right to effective assistance of counsel when collaterally attacking his conviction, ineffective assistance of counsel in preparing the first habeas petition does not constitute cause sufficient to excuse abuse of the writ under the *McCleskey* standard. *See Bloomer v. United States*, 162 F.3d 187, 191 n.1 (2d Cir. 1998); *United States v. MacDonald*, 966 F.2d 854, 859 n.9 (4th Cir. 1992); *Callins v. Johnson*, 89 F.3d 210, 212-13 (5th Cir. 1996); *Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995); *Harris v. Vasquez*, 949 F.2d 1497, 1513-14 (9th Cir. 1991); *United States v. Washington*, 4 F. App'x 695, 697 (10th Cir. 2001). Under these precedents, even if Lewis shows that he received ineffective assistance of counsel on his first habeas petition, he is not entitled to a second petition.

Following this broadly recognized rule, the Court finds that Lewis fails as a matter of law to demonstrate cause and prejudice under *McCleskey*.[1] Consequently, his second

---

[1] The Court notes, but declines to follow, non-controlling precedent in the Eighth and Ninth Circuits that may support Lewis. These cases hold that a second habeas petition is permitted where, as Lewis asserts, counsel filed the first petition entirely unbeknownst to the defendant. *See Williams v. Lockhart*, 862 F.2d 155, 160 (8th Cir. 1988) ("We agree with [petitioner] that it would be unfair to dismiss his 'new' claims because they were not included in the prior habeas petition if the previous petition was filed and litigated without his knowledge, participation, or authorization."); *Deutscher v. Angelone*, 16 F.3d 981, 984 (9th Cir. 1994) ("Because [trial counsel] filed his petition without Deutscher's signature, knowledge, or consent, we are compelled to hold that the petition Deutscher subsequently filed with the assistance of new counsel is Deutscher's initial habeas corpus petition.").

habeas petition constitutes an abuse of the writ. The Court therefore

**ADOPTS IN FULL** the Report and Recommendation. The Court further

**ORDERS** that the government's motion to transfer is **GRANTED**, and

**ORDERS** that, pursuant to 28 U.S.C. § 1631, Lewis's § 2255 motion be transferred to the United States Court of Appeals for the District of Columbia Circuit for determination whether to authorize it under 28 U.S.C. § 2244.

**SO ORDERED.**

February 27, 2009

Thomas F. Hogan
U.S. District Judge