UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v.  )<br><br>TONY LEWIS,  )<br><br>Defendant.  ) | Criminal No. 89-162-6 (RCL)<br><br>**FILED**<br><br>JUL - 9 2012<br><br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

MEMORANDUM AND ORDER

Before the Court is defendant Tony Lewis's motion to reduce sentence [125] under 18

U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines.

Upon consideration of the motion, the entire record herein, and the applicable law, the Court will

deny the motion.

I.      BACKGROUND

A jury convicted the defendant on December 6, 1989 of conspiracy to violate narcotics

laws in violation of 21 U.S.C. § 846 ("Count Two"); interstate travel in aid of racketeering in

violation of 18 U.S.C. § 1952(a)(3) ("Count Eleven"); and unlawful use of communications

facilities in violation of 21 U.S.C. § 843(b) ("Counts Sixteen and Eighteen"). The case involved

the defendant's participation in an extensive four-year drug conspiracy ring run by co-defendant

Rayful Edmond III, for which the defendant and 28 other co-defendants were indicted. Judge

Charles R. Richey sentenced the defendant on February 15, 1990 to concurrent terms of

imprisonment of life on Count Two, five years on Count Eleven, and four years on Counts

Sixteen and Eighteen. The Presentence Investigation Report grouped the counts and calculated a

guidelines range of a term of imprisonment of 360 months to life, based on a total offense level

of 42 and a criminal history category of I. The total offense level reflected a base offense level of 36. The Probation Office followed U.S.S.G. § 2D1.4(a), which at the time of the defendant's sentencing directed calculation of the offense level as if the object of the conspiracy were completed. The PSI accordingly calculated a base offense level of 36 for "Distribution of 150 kilograms of a mixture containing cocaine and 1.5 kilograms of a mixture containing cocaine base." PSI at 15. The quantities were based on jury determinations.

The Court of Appeals vacated the defendant's sentence and remanded for resentencing. Judge Richey resentenced the defendant to the same concurrent sentences on September 6, 1990. Judge Richey on September 17, 1990 issued a memorandum opinion memorializing relevant findings. *United States v. Edmond*, 746 F. Supp. 200 (D.D.C. 1990). He noted that many defendants in the conspiracy objected to the quantity of cocaine used to calculate their base offense levels, so he stressed the "inescapable conclusion that the conspiracy involved more than fifty kilograms of cocaine." That quantity is the least amount of cocaine required to trigger a base offense level of 36.

The defendant and his co-defendant filed motions to vacate under 28 U.S.C. § 2255, alleging violations of *Brady v. Maryland*, 373 U.S. 83 (1963). Judge Richey denied the motions, and the Court of Appeals for the D.C. Circuit affirmed. *United States v. Edmond*, 52 F.3d 1080 (D.C. Cir. 1995). The defendant filed another motion under § 2255 on March 25, 1997, which Judge Thomas F. Hogan assigned to Magistrate Judge Alan Kay for a report and recommendation and which Judge Hogan denied [75] on March 4, 2009.

The United States Sentencing Commission promulgated a temporary amendment to the sentencing guidelines lowering the guidelines ranges for crack offenses on October 15, 2010, and re-promulgated the amendment as permanent on April 6, 2011. U.S.S.G. App. C, Amend. 750

(Supp. 2011). The amendment became effective on November 1, 2011. The Commission voted to give that change retroactive effect on June 30, 2011. The defendant filed the instant motion [125] for a sentence reduction under the newly applicable guidelines ranges.

## II.   DISCUSSION

A district court may modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The first step for a court when considering a § 3582(c)(2) motion is to "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). The Court must therefore ask whether that sentencing range has been lowered.

Calculation of the defendant's current base offense level depends on the marijuana equivalency table, U.S.S.G. § 2D1.1, Application Note 10(D). Under that table, 1 gram of cocaine corresponds to 200 grams of marijuana, and 1 gram of crack corresponds to 3,571 grams of marijuana. The quantity of cocaine that Judge Richey stipulated in his 1990 memorandum opinion, 50 kilograms, corresponds to 10,000 kilograms of marijuana; regardless of the amount of crack for which the defendant was accountable, the defendant's base offense level remains at least 36. Accordingly, his sentencing range has not subsequently been lowered by the sentencing commission, and the defendant is ineligible for a reduction. *Cf. United States v. Johnson*, 569 F.3d 619, (6th Cir. 2009); *cf. also United States v. Montgomery*, No, 12-1280, 2012 U.S. App.

3

LEXIS 11750, at *4 (3rd Cir. June 11, 2012) (unpublished opinion) ("[T]he cocaine exposure alone would suffice to place [the defendant] at [the operative] base offense level."); *United States v. Smith*, 352 Fed. Appx. 403 (11th Cir. 2009) (unpublished opinion); *United States v. Val Saint*, 319 Fed. Appx. 842 (11th Cir. 2009) (unpublished opinion).

### III.   CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that the defendant's motion is **DENIED**.

**SO ORDERED** this _____ day of July 2012.


ROYCE C. LAMBERTH
Chief Judge
United States District Court