## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 89-162-6 (RCL) |
| ) | |
| v. ) | |
| ) | |
| TONY LEWIS, ) | **FILED** |
| ) | |
| Defendant. ) | JAN - 9 2013 |
| ) | |

Clerk, U.S. District and
Bankruptcy Courts

### MEMORANDUM OPINION

Now before this Court is defendant Tony Lewis's Motion for Reconsideration [132], asking the Court to reconsider its Memorandum and Order [130] denying Mr. Lewis's Motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of defendant's Motion [132], the entire record herein, the applicable law, and for the reasons set forth below, defendant's motion will be denied.

## I.   BACKGROUND

The Court detailed the background of this case in its July 9, 2012, Memorandum and Order and need not review it here. *See* ECF No. 130. Defendant moved for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) on January 23, 2012. Mot. Retroactive App. 1, ECF No. 125. Finding that the defendant was not eligible for a sentencing reduction because, based on his drug convictions he was responsible for the equivalent of 10,000 kilograms of marijuana and, as such, his guidelines range had not changed, the Court denied his motion. Mem. & Order 3–4. Defendant now asks the court to reconsider its decision. Mot. Recons. 1, Aug. 9, 2009, ECF No. 132.

## II.   LEGAL STANDARD

Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). This is because courts should have the opportunity "to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8 (1976). However, at least two circuits have held that a motion for reconsideration after the denial of a § 3582(c)(2) motion must be brought within the time for appeal under Federal Rule of Appellate Procedure 4(b), that is within 14 days after the entry of either the judgment or the order being appealed. *United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011); *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011); *see also* F. R. App. P. 4(b). But motions for reconsideration in this context are clearly disfavored. *See United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010) (determining that no provision exists for reconsideration of § 3582(c)(2) motions); *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000) ("While district courts generally have 'inherent authority' to decide motions for reconsideration and rehearing of orders in criminal proceedings, [§ 3582] expressly limits the court's authority in sentencing."). This Court believes that it has the inherent authority to decide a motion for reconsideration of denial of a § 3582(c)(2) motion, but agrees with the Seventh and Tenth Circuits that such a motion must be filed within the time for appeal under the Federal Rules of Appellate Procedure 4(b). *See Randall*, 666 F.3d at 1242; *Redd*, 630 F.3d at 650. Defendant, here, filed his motion more than two weeks after the expiration of his time for appeal.[1] This fact alone is sufficient for the Court to deny defendant's motion. However, for the sake of clarity, the Court will address the arguments raised in the defendant's Motion for Reconsideration.

---

[1] The Court's decision was filed on July 9, 2012, and the defendant's Motion for Reconsideration was filed on August 9, 2012.

## III.   ANALYSIS

Defendant argues that this Court's reliance on the marijuana equivalency table in its original Memorandum and Opinion was in error in light of *United States v. Molina*, which, the defendant argues, provides a "doctrine" under which the Court would be justified in ignoring the drug quantity tables. Mot. Recons. 7 (citing 541 F. Supp. 2d 530 (E.D.N.Y. 2008)). The Court has examined *Molina* and can find no such doctrine.[2] While *Molina* does state in dicta that, given the circumstances of that case, the marijuana equivalency table produced an unjust result, it is unclear from the opinion whether the Court actually applied the equivalency table or ignored it. *Molina*, 541 F. Supp. 2d at 534. What's more, the defendant cites two other cases in support of the alleged "*Molina* doctrine," both of which undermine rather than buttress the defendant's argument. In *United States v. Woods*, the Seventh Circuit explained that the United States Sentencing Commission issued amendments 715 and 716 in response to sentencing anomalies pointed out by the court in *Molina* and used those amendments to correct those issues. 581 F.3d 531, 537 (7th Cir. 2009). And in *United States v. Toran*, the court simply detailed how Amendment 715 corrected the anomalies created by Amendment 706. CR 3:07-00217, 2011 U.S. Dist. Lexis 42970, *1, *2–*4 (S.D.W. Va. 2011).

Defendant also points to *United States v. Miller* to support his request for a sentencing reduction. Mot. Recons. 3 (citing 4:89-CR-120 (JMR), 2010 U.S. Dist. LEXIS 79763, *1 (D. Minn. 2010)). In *Miller*, the court reduced a mandatory-minimum life sentence for a career offender on the basis that "the offense conduct level was a dominant factor in the actual decision to find the career offender category and statutory life sentence applicable." *Id.* at *4. However, *Miller* is non-binding authority and is contrary to precedent even in that circuit. *See United*

---

[2] Even if *Molina* stood for such a proposition, *Molina's* weight is merely persuasive, not controlling, as *Molina* was not only decided by a district court, but one outside of this circuit.

*States v. Forman*, 553 F.3d 585, 589–90 (7th Cir. 2009). As *Miller* itself notes, the case stands as "a singular and unique exception." 2010 U.S. Dist. LEXIS 79763 at *4.

Lastly, the defendant avers that the Court "overlooked" factors set forth in 18 U.S.C. § 3553 before denying his motion. Mot. Recons. 6. Section 3582(c)(2) creates a two-step inquiry: the Court must first determine whether a sentencing reduction is authorized and only then may the Court "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). The Court determined that the defendant was not eligible for a sentencing reduction because his sentence was not based on a guidelines range that had subsequently been lowered. Mem. & Order 5. Therefore, the Court did not overlook the factors set out by § 3553(a) because the Court determined that no sentencing reduction was authorized by § 3582(c)(2).

The law is clear: unless the Sentencing Commission has lowered the sentencing range under which a defendant was sentenced, courts lack subject-matter jurisdiction to consider a movant's request for a sentencing reduction under § 3582(c)(2). *Forman*, 553 F.3d at 588. As explained in the Court's previous opinion, the defendant's sentencing range *was not* lowered by U.S.S.G. Amendment 750. Therefore, this Court has no power to modify his sentence.

IV.   **CONCLUSION**

Defendant's arguments are both time barred and without merit. Therefore, the defendant's motion for reconsideration will be denied.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on January 9, 2013.