IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 2 5 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
        Respondent, )
)
V. )  Case No. CR-89-00162
)
TONY LEWIS )
)
        Petitioner. )

PETITIONERS MOTION FOR RELIEF AND MODIFICATION OF HIS SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND AMENDMENT 715 (THAT BECAME EFFECTIVE AND RETROACTIVE BY THE SENTENCING COMMISSIONERS ON MAY 1, 2008 UNDER AMENDMENT 716).

COMES NOW the Petitioner, Tony Lewis, in pro se capacity (hereinafter Petitioner) and in light of the decision in Haines v. Kerner, 404 U.S. 519 (1972), moves this Honorable Court for relief and modification of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 715 (that became effective and retroactive by the sentencing commissioners on May 1, 2008 under Amendment 716. In support of this pleading, Petitioner asserts the following facts and supporting law and authorities:

Background

The Government charged that Petitioner Tony Lewis was a part of a conspiracy of cocaine distribution over twenty three years ago, from 1985 thru April 1989. See Case History at Docket No. CR-89-00162. Petitioner was sentenced to Life imprisonment by the Honorable Judge Charles R. Richey on February 15, 1990 on Count Two of the indictment, 21 U.S.C. § 846. The Presentence Investigation Report grouped the counts and calculated a guideline range of a term of imprisonment of 360 months of Life, based on a total offense level of 42 and a criminal history

Copies to: Judge
AUSA - Special Proceedings
Dft.

Page 1 of 6



RECEIVED
Mail Room
APR 2 5 2013
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

of I. The total offense level reflected a based offense level of 36. The Probation Office followed U.S.S.G. § 2D1.4(a), which at the time of the Petitioner's sentencing directed calculation of the offense level as if the object of the conspiracy were completed. The PSI accordingly calculated the base offense level of 36. However, the court of appeals vacated Petitioner's sentence and that of his codefendant's and remanded for resentencing. After conducting sentencing hearings for the defendant's in this case, Judge Richey resentenced Petitioner to the same Life sentence on September 6, 1990. Judge Richey on September 17, 1990 issued a memorandum opinion memorializing relevant findings. United States v. Edmonds, 746 F.Supp. 200 (D.D.C. 1990). He noted that many defendants in the conspiracy objected to the quantity of cocaine used to calculate their base levels, so he stressed the "inescapable conclusion that the conspiracy involved more than fifty kilograms of cocaine." That quantity in the least amount of cocaine required to trigger a base offense level of 36. [FN 1].

Petitioner filed subsequent post-sentencing and collateral motions which all were unsuccessful. See Docket History.

On October 15, 2010, the U.S. Sentencing Commission promulgated a temporary amendment to the sentencing guidelines lowering guideline ranges for crack offense, and re-promulgated the amendment as permanent on April 6, 2011. U.S.S.G. App. C, Amend. 750 (Supp. 2011). [FN 2].

---

FN 1 - Petitioner and his codefendants were found to be responsible for at least 50 kilograms (specifically) or more of cocaine hydrochloride as opposed to the initial finding of 150 kilograms of cocaine hydrochloride, at the September 6, 1990 sentencing proceedings. See 746 F.Supp. 200 (DDC 1990). Therefore, for the purposes of drug quantity amount here, it is only the amount of 50 kilograms that this court is implored to apply in this proceeding.

FN 2 - Petitioner had filed previously motions under Amendments 706 and 750. The court denied him relief holding that despite the two level drop for the 1.5 kilograms of cocaine base attributed to him, the 50 kilograms of cocaine hydrochloride kept him at BOL 36 CHC 1. See Doc. No.'s [130] and [139]. Petitioner's Amend. 715 pleading herein is new, and had not been previously filed. And, it is different from Amend.'s 706 and 750. Although, it's function is to more so eliminate certain disparities had in 706 and 750 when cocaine base and one, or more, other drug types came into the issue of determining the proper guideline range for defendant's seeking just relief under 706 and or 750.

Discussion and Ground basis for Relief

A district court may modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [In] the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Id.

The first step for a court when considering a § 3582(c)(2) motion is to "determine the prisoner's eligibility for a sentence modification and to the extent of the reductions authorized." Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). The court must therefore ask whether that sentencing range has been lowered. Calculation of Petitioner's current base offense level depends on the marijuana equivalency table, U.S.S.G. § 2D1.1, Application Note 10(D). Under that table, 1 gram of cocaine corresponds to 200 grams of marijuana, and 1 gram of cocaine base corresponds to 3,571 grams of marijuana. The quantity of cocaine that Judge Richey stipulated in his 1990 Memorandum Opinion, 50 kilograms, corresponds to 10,000 kilograms of marijuana; regardless of the amount of cocaine base for which Petitioner was accountable:

> "The amount of cocaine base attributable to Movant Lewis (1.5 kilograms) in his September 6, 1990 sentencing proceedings by Judge Richey and that was adopted by this court in 2012 and 2013 (See Footnote Two) was at a base offense level 36. As of the subsequent 2011 Amendment (750), it is now at base offense level 34. It equates to 3,000 kilograms of marijuana." Id.

Conviction for multiple drug types must be calculated under Amendment 715

Petitioner is now eligible for a reduction despite having been convicted of possessing multiple drug types consisting of 50 kilograms of cocaine hydrochloride and 1.5 kilograms of cocaine base. This court's order in January 2013 (Doc. No. 139) reveals that, in accordance with Amendment 750, which retroactively reduced

Petitioner's cocaine base offense level from 36 to 34, this Petitioner was ineligible for relief because the 50 kilograms of cocaine hydrochloride kept him at base offense level 36, plus the six level's of enhancements that placed him at level 42, and thus denied him relief. Doc. No. 139 *4.

The methodology for calculating the offense levels for cocaine base and other drug types created some bizarre results. See United States v. Woods, 581 F.3d 531, 537 (7th Cir. 2009). The sentencing commission changed this with Amendment's 715 and 716, which fixed some of the problems in applying the retroactive reduction to offenses involving multiple drug types, effective May 1, 2008. See U.S.S.G. Supp. to App. C. Amendments 715, 716 (2008):

### Amendment 715

> "On May 1, 2008, Amendment 715 to the Guidelines became effective thereby "revis[ing] the manner in which combined offense levels are determined in cases involving cocaine base ("crack cocaine") and one or more other controlled substances" U.S.S.G. App. C, Amend. 715." Amendment 715 instructs that, once a complete offense level is reached using the equivalent amount of marijuana for all controlled substances, the court should subtract two levels, except in certain circumstances. United States v. Frazier, No. 09-6284, 338 Fed. Appx. 326 2009 U.S. App. LEXIS 16697, 2009 WL 2256954, at *1 (4th Cir. July 29, 2009). (Amendment 715 applies retroactively); United States v. Vittarris, No. 08-2478, 331 Fed. Appx. 942, 2009 U.S. App. LEXIS 11484, 2009 WL 1483145, at *1 n.3 (3rd Cir. May 28, 2009).

Petitioner's combined base offense level is now, according to this court's opinion's at Doc. No. [130] and [139] is 36:

> "He received 6 levels of enhancements that totaled a BOL of 42. Under Amendment 715, this court is required to subtract two levels from his current level of 36, which would result in a level 34 (151-188 moths). Then it must add back the six levels of enhancements which would result in a TOL 40 (292-365 months) at CHC 1. Thus, this calculation, under 715 would automatically remove Movant Lewis from his current TOL 42 (360-Life), and his Life sentence would be commuted to between 292 and 365 months." Id.

Petitioner has been confined roughly a little over twenty three years now. To be sure that this new TOL 40 is lawfully applicable to Petitioner, the proper procedure for a § 3582 resentencing [here] is to determine the amended guideline

range that would have applied to Petitioner if the amendment(s) to the guidelines... had been in effect at the time the defendant was sentence. U.S.S.G. § 1B1.10(b)(1); See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998)("[T]he court must substitute the amended guideline range for the originally applied guidelines range and determine what sentence it would have imposed...All other guideline application decisions made during the original sentencing remain intact.").

At Petitioner's original sentencing in September of 1990, Judge Richey made a final determination to sentence him according to 50 kilograms of cocaine hydrochloride and 1.5 kilograms of cocaine base. See Doc. No.'s [130] and [139] in this case, respectively. These drug amounts placed Petitioner at BOL 36, CHC 1. Doc. No. [130]. Had Amendment 715 been in effect in September 1990, it is without question that Petitioner would have been sentenced at BOL 34, CHC 1 plus the six levels of enhancements would have resulted in a total TOL of 40, CHC 1, 292-365 months. Because Petitioners new BOL under Amendment 715 must now be TOL 40, at CHC 1, he humbly and mercifully requests this Honorable Court to resentence him either to the low end of the this range at TOL 40, CHC 1, 292 months, or to a level within this TOL 40 at CHC 1 that it thinks appropriate.

Also, without being repetitive here, and for the convenience of this Honorable Court, Petitioner humbly directs it to his prior "mitigation statements" asserted in his original motion for relief under 706 and 750, filed on January 18, 2012 and August 9, 2012. He also requests that this court includes these truthful and uncontested factual statements in considering this motion along with the attached exhibits that were also included.

## Conclusion

Wherefore, in light of the above facts, law, and authorities, Petitioner expressly reserves the right to brief the impact of any recent Supreme Court

decisions or any ensuing sentencing calculation should the court choose to grant this motion. Additionally, it is requested under the provisions of 18 U.S.C. § 3006(a)(1)(H) for this court to appoint him counsel and order an evidentiary hearing in the interest of justice. Should this court deem it necessary, under U.S.S.G. § 6A1.3, Petitioner requests an hearing "[w]hen [and if] any factor important to the sentencing determination is reasonably in dispute, and any other and further relief which this Honorable Court deems just and fair.

## Relief Sought

Petitioner, prays that this Honorable Court grants this motion in its entirety.

Date: 4-24-2013

Respectfully submitted,

*Tony Lewis*
Tony Lewis Sr., pro se
#15443-083
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501

## Certificate of Service

I, Tony Lewis Sr., hereby certify that on this ____ day of April, 2013, a true and exact copy of the foregoing and all attachments, were mailed to the Government at: U.S. Attorney's Office, 555 4th St., N.W., Judiciary Square, Room ____, Washington, DC 20530. I further certify that the foregoing and all attachments were given to prison officials on this same day for forwarding to this U.S. District Court for the District of Columbia.

I further certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Respectfully submitted,

*Tony Lewis*
Tony Lewis Sr., pro se