FILED

NOV - 5 2013

Clerk, U.S. District & Bankruptcy Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
) Criminal No. 89-162-6 (RCL)
v. )
)
TONY LEWIS, )
)
Defendant. )
)

## MEMORANDUM AND ORDER

Before the Court is defendant Tony Lewis's Motion [141] for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of Mr. Lewis's Motion [141], the applicable law, the entire record herein, and for the reasons set forth below, the Court will DENY the motion.

I. BACKGROUND

The Court detailed the background of this case in its previous Memorandum and Order denying Mr. Lewis's Motion [125] for a sentencing reduction under 18 U.S.C. § 3582(c)(2), *see* ECF No. 130, and need not do so again here. After the Court denied Mr. Lewis's motion for a sentencing reduction, Mr. Lewis moved this Court to reconsider its decision, *see* Mot. for Recons., ECF No. 132. This Court also denied Mr. Lewis's Motion for reconsideration. Order, Jan. 9, 2013, ECF No. 140; Mem. Op., Jan. 9, 2013, ECF No. 139. Now, Mr. Lewis again moves this Court for a sentencing reduction, this time in light of amendment 715 to the United States Sentencing Guidelines Manual ("U.S.S.G.").

II. ANALYSIS

Generally, courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception, however, provides that a court may reduce the sentence of

a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). The court may only grant the sentencing reduction "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable" and if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As an initial step upon considering a motion for a sentencing reduction under § 3582(c)(2), the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).

Mr. Lewis contends that amendment 715 to the Sentencing Guidelines authorizes a reduction in his sentence. Amendment 715 changed the calculation courts applied to determine the base offense level for drug offenses involving both cocaine base and other controlled substances. *See*, U.S.S.G. app C. 256–57 (Supp. III 2011). In certain circumstances, the amendment directed courts to reduce the combined offense level for the different substances by two levels, *id.*, and Mr. Lewis contends he is eligible for this two-level reduction.

Mr. Lewis's argument fails for two reasons. First, the two-level reduction did not apply if "the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply . . . if the offense involved only the other controlled substance(s)." *Id.* at 257. As this Court explained in its prior opinion, the amount of cocaine for which Mr. Lewis was accountable—50 kilograms—is alone sufficient to confer a base offense level of 36. Mem. & Order 3, ECF. No. 130. Thus, under the exception provided in amendment 715, the two-level reduction Mr. Lewis seeks would not apply. Second, sentencing guidelines amendments 748 and 750 amended § 2D1.1 of the guidelines in accordance with the Fair Sentencing Act of 2010, Pub. L. 111–220. In particular, amendment 748 deleted the special rules added by amendment 715 for

calculating the combined offense level for drug offenses involving both cocaine base and other controlled substances. U.S.S.G. app C. 382 (Supp. III 2011). Mr. Lewis may not claim a reduction under amendment 715 to the guidelines because the changes he cites as pertinent no longer exist. Further, as this Court previously explained, Mr. Lewis is ineligible for a sentencing reduction under amendment 750 to the sentencing guidelines. Mem. & Order, ECF No. 130.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Mr. Lewis's Motion [141] for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

It is **SO ORDERED** this 5th day of November 2013.

_____
ROYCE C. LAMBERTH
United States District Judge