**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:89-cr-00162-RCL-6 |
| | ) | |
| TONY LEWIS, | ) | |
|     Defendant. | ) | ECF |

**OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

*COMES NOW*, the United States of America respectfully to oppose defendant's pending *pro se* "Petition For Reduction of Sentence," filed at Docket Entry No. 147.

**SUMMARY**: Under 18 U.S.C. § 3582(c), based upon Amendments 782 & 788 to the United States Sentencing Commission Guidelines Manual (U.S.S.G.), defendant moves for a reduction in his life prison sentence for drug-trafficking crimes in the "Rayful Edmond" case. Defendant's Pre-Sentence Investigation (PSI) report concluded that he was as culpable as Edmond himself. The government opposes granting the motion for two reasons: First, defendant is not eligible for a reduced sentence under U.S.S.G. Amendment 782 & 18 U.S.C. § 3582(c) because the amendments do not have the effect of lowering defendant's guidelines based upon his relevant criminal conduct, which involved more than 150 kilograms of cocaine and more than 1.5 kilograms of crack cocaine base. See U.S.S.G. § 1B1.10(a)(2)(B). These are the amounts stated in defendant's PSI, and the United States Probation Office's most recent analysis supports the conclusion that defendant is ineligible for a sentence reduction. Second, even if the Court disagreed with the first proposition – indeed, even when the parties do not dispute that a defendant is eligible for a sentence reduction -- the Court has the discretion to deny a § 3582(c) motion. See United States v. Green, 625 Fed.Appx. 901 (10th Cir. 2015) (eligibility for a 782-based sentence reduction alone does not mandate relief § 3582(c)(2); United States v. Doyle, No. 15-50417, -- Fed. Appx. -- (5th Cir. Dec. 3, 2015) (no abuse of discretion in denying 782-based sentence reduction after Court concluded defendant was eligible for reduction, but chose to deny motion as matter of discretion after considering factors in 18 U.S.C. § 3553(a)), available at 2015 WL 7785820. Here, the Court should exercise its discretion to reject defendant's motion for a reduced sentence.

1.  Defendant is before the Court to move again for a sentence reduction under 18 U.S.C. § 3582(c), this time based upon guidelines amendments 782 and 788. Taken together, these amendments effectively reduced by two the offense levels associated with relevant criminal conduct involving particular amounts of controlled substances, which are set forth in U.S.S.G. §

1

2D1.1. Colloquially known as "All Drugs Minus Two," these amendments are the third iteration in a series of U.S.S.G. amendments affecting § 2D1.1. The first reduced by two the base offense levels associated with relevant criminal conduct involving quantities of crack cocaine base. The second amendment also only deals with crack cocaine base -- it also reduced the § 2D1.1 offense levels associated with certain amounts of crack cocaine base, carrying out changes to the anti-drug laws enacted in the Fair Sentencing Act of 2010. As its nickname implies, the third amendment, No. 782, effectually reduces the offense levels § 2D1.1 by two levels for all illegal drugs.

2. This Court has dealt before with sentence reduction motions by defendant under § 3582(c). See D.E. Nos. 130 (denial of U.S.S.G. Amendment 750-premised sentence reduction motion), 139 (denial of reconsideration motion), 142 (denial of U.S.S.G. Amendment 715-based sentence reduction motion). In addition to § 3582(c)'s provisions, U.S.S.G. § 1B1.10 also governs sentence reduction motions and eliminates eligibility when an amendment does not have the effect of lowering the defendant's applicable guideline range. Because the Court has dealt so extensively with defendant's case, as well as with other § 3582(c) sentence reductions by Edmond-Lewis codefendants, the government does not reprise the factual and procedural background to the case, which the late Judge Richey and this Court, among others have described at length in both published and unpublished opinions. See United States v. Edmond, 746 F.Supp. 200, 203-204 (D.D.C. 1990).

**I.      Defendant is not eligible for a sentence reduction**:

3. In denying defendant's earlier sentence reduction premised upon U.S.S.G. Amendment 750, the Court noted that when resentencing a number of Edmond defendants, Judge Richey had reached "the inescapable conclusion that the conspiracy involved more than fifty grams of cocaine," the minimum amount necessary for a base offense level of 36. See United

States v. Edmond, 746 F.Supp. 200, 203-204 (D.D.C. 1990). As a result, this Court denied defendant's earlier sentence reduction on the ground that, even after U.S.S.G. Amendment 750, defendant still would have had a base offense level of 36. Thus, the amendment did not have the effect of lowering defendant's applicable guideline range. See U.S.S.G. § 1B1.10(a)(2)(B). See D.E. No. 130 at 2.

    4.    Defendant remains ineligible for a sentence reduction based upon Amendment 782, essentially for the same reason under U.S.S.G. § 1B1.10(a)(2)(B), albeit with a further consideration. Neither Judge Richey's 1990 opinion nor this Court's earlier § 3582(c) denial held that the Edmond defendants' relevant criminal conduct was *only* 50 kilograms of cocaine powder – indeed, Judge Richey made clear that the relevant criminal conduct was a great deal more than 50 kilograms of cocaine powder, and the 50 kilograms amount was an "inescapable" floor, not a ceiling. United States v. Edmond, supra, 746 F.Supp. at 203-204. Judge Richey did not need to determine the precise amount – for sentencing purposes at that time, he could stop counting when he hit 50 kilograms, and he did. Speaking generally, Judge Richey wrote: "Without combing through the testimony of the witnesses at the first two trials or the exhibits received in evidence, the Court can immediately identify several instances of witnesses testifying credibly about quantities of cocaine in excess of fifty kilograms." Further, Judge Richey specifically noted:

> James Minor testified that he and David McCraw picked up fifty kilograms of cocaine . . . in August, 1988. . . . On one occasion, [co-conspirator Brooks] picked up as much as 77 kilograms of cocaine; on another occasion, he picked up 58 kilograms of cocaine.
>
> At trial, Brooks testified that at any one time he stored anywhere from 89 to 93 kilograms of cocaine at his apartment under a platform bed. Almost immediately after Brooks' arrest, the [a codefendant] removed approximately 90 kilograms of cocaine from Brooks' apartment . . . . For a nine-month period, [three conspirators went to an] apartment to bag cocaine [] three times a week; each time they packaged one to two kilograms of cocaine. This means that [the three] packaged somewhere between 108 and 216 kilograms of cocaine over a nine-month period. . . .

Id. at 203. In defendant's case, his PSI concluded that his relevant conduct involved more than 170 kilograms of cocaine powder and more than 1.5 kilograms of crack cocaine base. See D.E. No. 147-2, pp. 7-8 (of the docket entry "retroactivity prep documents"), but pp. 4-5 of the actual PSI, paragraphs 5-6.

5.  As originally sentenced, defendant's base offense level under U.S.S.G. § 2D1.1 was level 36. See D.E. No. 147-2 (PSI), p. 18 (of "retro document"), PSI p. 15, paragraph 28. Based upon U.S.S.G. Amendment 782, the 2015 Guidelines Manual assigns a base offense level of 36 when the relevant criminal conduct involves between 150 and 450 kilograms of cocaine powder. Even without considering the amount of crack cocaine base involved, this figure of 150 kilograms is well-exceeded by just the amounts referenced in the short quotation from Judge Richey's opinion above. Therefore, defendant is ineligible for a sentence reduction. In its analysis of defendant's sentencing guideline calculations based upon the 782-amended guidelines, the United States Probation Office came to the same conclusion. See D.E. No. 176 (defendant "does not appear to be eligible for reduction in sentence . . . . In this case, Amendment 782 to the United States Sentencing Guidelines does not have the effect of lowering the defendant's applicable guideline range and he is not eligible for sentence reduction pursuant to USSG §1B1.10(a)(2).").

## II.  **Defendant does not merit a sentence reduction**:

6.  Assuming *arguendo*, that defendant Lewis were eligible for a sentence reduction, this Court should exercise its discretion to deny one. The seminal opinion on this subject from this jurisdiction is United States v. Butler, Nos. 1:89-cr-00162-RCL-2, 1:89-cr-00162-RCL-4, Mem. Op and Order (D.D.C. Sept. 16, 2015), available at 2015 WL 5513484 *3. (§ "3582(c)(2) therefore not only gives federal courts the power to reduce certain prison sentences, but it also permits courts

to decline to exercise that power and leave otherwise eligible sentences unchanged") (citing United States v. Wilson, 716 F.3d 50, 52 (2d Cir. 2013) ("retroactive amendment to the Guidelines 'merely authorizes a reduction in sentence; it does not require one'") (quoting United States v. Rivera, 662 F.3d 166, 170 (2d Cir. 2011)). The view expressed in Butler has been followed in nearly every § 3582(c) decision in this Court to have confronted the precise question. See, e.g., United States v. Barajas, No. 1:11-cr-00148-ESH, Mem. Op. (D.D.C. April 5, 2016) (Huvelle, J.), available at 2016 WL 1328095; United States v. Lamont, 1:04-cr-00536-RBW, Mem. Op. (D.D.C. March 21, 2016) (Walton, J.); United States v. Moon, No. 1:10-cr-00051-RMC, Order (D.D.C. Jan. 28, 2016) (Collyer, J.).

7. Butler set forth the proper procedure for considering whether to exercise the Court's discretion in favor of a sentence reduction, recognizing that the salient criteria are the sentencing factors set forth in 18 U.S.C. § 3552(a). Butler supra, 2015 WL 5513484 at *4-5. Point by point, or factor by factor, Butler exhaustively analysed whether two of defendant Lewis' codefendants should be granted sentence reductions and concluded they should not. Id. In contrast, this Court came to the opposite conclusion – in other words concluded that § 3553(a) factors warranted a sentence reduction -- in United States v. Haire, No. 1:00-cr-00426-RCL, Mem. Op. (D.D.C. Sept. 30, 2015), available at 2015 WL 5781990. Haire was not an Edmond codefendant.

8. Of particular import to a decision on defendant Lewis' motion are the points made in Butler. With regard to Lewis' codefendants Butler and Jones, the Court noted that in "these cases, both defendants received enhancements for possession of dangerous weapons pursuant to [U.S.S.G. §] 2D1.1. . . and each defendant received an adjustment for the management role they played in the offense under [U.S.S.G. §] 3B1.1. Plainly and in absolutely no conceivable way, were these defendants 'lower-level non-violent drug offenders.'" Butler, supra, 2015 WL 5513484

at * 7. This was a prime factor in the Court's analysis. Defendant Lewis received the same adjustments in his calculations as applied to codefendants Butler and Jones. In light of this, defendant Lewis' PSI may be profitably quoted, on pages 4 and 5, which stated:

> Rayful Edmond III was the leader of a multi-million dollar wholesale and retail cocaine and "crack" cocaine distributing enterprise in the District of Columbia. The jury found this organization was responsible for distributing at least 150 kilograms of a mixture containing cocaine and 1.5 kilograms of a mixture containing cocaine base from 1985 until April 15, 1989. There were three levels of responsibility in the Edmond organization. The highest level of the organization was concerned with purchasing of the cocaine from sources in California. The next level of the organization was responsible for the packaging, cutting, and the storing of the cocaine in the Washington metropolitan area. This level also included the wholesale operations of the organization, as well as the collecting and counting of monies received from its distribution activities. The third level of the organization was the retail operations, which distributed the cocaine at Morton Place and Orleans Place, N.E., also known as the "Strip."
>
> At the highest level of the organization Mr. Edmond had a partner, Tony Lewis, with whom he pooled resources to purchase cocaine in large quantities. (Mr. Lewis had his own operation which distributed drugs on the street level in the Bates Street, N.W., area of the city).

D.E. No. 147-2, pp. 7-8 (of the docket entry "retroactivity prep documents), but pp. 4-5 of the actual PSI, paragraphs 5-6. Later, the PSI adds:

> The most culpable in this enterprise is Mr. Rayful Edmond, III. Of equal culpability would be Tony Lewis in that he was a partner with Mr. Edmond and had his own street-level organization in the Bates Street, N.W., area. Melvin Butler would also be considered of equal culpability in that he served as a "broker" for them to obtain the cocaine from the Los Angeles, California, area. . . . Just below these three individuals in culpability would have to be [Lewis and Butler codefendant, James Antonio Jones, whose sentence reduction motion was denied in the Butler opinion, and three other codefendants].

D.E. No. 147-2, p 16 (PSI p. 13, paragraph 24).[1]

---

[1] Another section of defendant Lewis' PSI recounts a moment illustrating the scale of defendant Lewis' and Edmond's activities. This took place in the later 1980s, nearly 30 years ago, meaning it is not in inflation-adjusted numbers:

[Another person], who served as one of [defendant] Edmond's couriers of money to California, recalled going to the Buchanan House apartments on one occasion to pick up cash to take to California. On this occasion she met [defendants] Edmond, Lewis, and [and a third person] at the apartment. As soon as she arrived, [the third person helped the courier] fill her luggage with money which she estimated to be between *$3,000,000 and*

6

9. In summary, as a matter of law, defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10. The record is replete with evidence that defendant's relevant criminal conduct exceeded 150 kilograms of cocaine, the amount that makes his base offense level 36 under the 782-amended 2015 sentencing guidelines. Thus, Amendment 782 does not have the effect of lowering defendant's applicable sentencing guidelines. Independent of that, as a matter of fact or discretion, defendant should not receive a sentence reduction. He was at the uppermost level of culpability for one of the largest drug-trafficking conspiracies in the District of Columbia's history. To borrow a phrase from the Court, "Plainly and in absolutely no conceivable way, [was this] defendant [a] 'lower-level non-violent drug offender[]." The Court should deny defendant's motion.

---

*$4,000,000. There was too much money* to fit into [the courier's] suitcases. [Defendants] Tony Lewis and Rayful Edmond III had a conversation about who would take the remainder of the money to California.

D.E. 147-2 (PSI) at 9, original PSI at 6, paragraph 9 (emphasis added). In considering the amount of drugs involved in defendant's conspiracy, the PSI notes that the Edmond gang paid $10,000 per kilogram of cocaine it bought from codefendant Butler. Id. at PSI 4-5, paragraph 6. Leaving aside presumable economies of scale for huge drug purchases, simple math makes the price of ten kilograms of cocaine $100,000, and thus $1 million equals 100 kilograms of cocaine. Even assuming the courier's estimate was wrong by half, 150 kilograms of cocaine would be $1.5 million, which is half of the low end of the estimated $3-4 million for this *one trip*. The PSI elsewhere notes that defendant Edmond did not mention to his supplier an occasion when police had seized $2 million in cash that Edmond had sent to buy cocaine and the PSI plainly suggests that there were multiple trips where this kind of money was involved. Id. at PSI 6-7, paragraph 11. In addition to the lost $2 million, this same paragraph recounts police seizing more than $1.1 million in a separate seizure of cash.

**WHEREFORE**, the United States respectfully prays this Honorable Court to deny defendant's motion for a sentence reduction.

Respectfully submitted,

/s/ *Channing D. Phillips*  
CHANNING D. PHILLIPS, D.C. Bar No. 415793  
United States Attorney for the District of Columbia


/s/ *Leslie Ann Gerardo*  
LESLIE ANN GERARDO, D.C. Bar No. 419823  
Chief, Special Proceedings Division  
(202) 252-6603  
Leslie.Gerardo@USDoJ.Gov


/s/ *Barry Wiegand*  
BARRY WIEGAND, D.C. Bar No. 424288  
Assistant United States Attorney  
Special Proceedings Division,  
555 Fourth Street, N.W.,  
Washington, D.C. 20530  
(202) 252-7723  
William.B.Wiegand@USDoJ.Gov

## CERTIFICATE OF SERVICE

I certify that I caused service of the foregoing to be made through the Court's ECF system on or before Thursday, April 21, 2016. On Friday, April 15, 2016, I entered defendant's name and register number into the U.S. Federal Bureau of Prisons Inmate Locater computer website, http://www.bop.gov/inmateloc/, to get the following postal address for *pro se* Inmate Tony Lewis, Reg. No. 15443-083, FCI Cumberland, Federal Correctional Institution, Post Office Box 1000, Cumberland, Maryland 21501, and I have caused a copy of the foregoing to be sent by first-class delivery through the U.S. mails to defendant at this address on or before Friday, April 22, 2016.

/s/ *Barry Wiegand*  
BARRY WIEGAND